## Petition for Relief

In the Circuit Court of White County, IN (Petitioner): F. Edward Fisher Plaintiff: White County; address below. Respondent: Prosecutor, John Guy et al: *et al* includes any potential responsible parties privy to the planning or execution of concerns noted in this document; in the Prosecutor Office or any other office contained in the White County Court House, Monticello, IN and David Rossi, C/o White County Sheriff's Dept. Monticello, IN. This motion for consideration derives from Cause # 91D01-2109-F-6-000198 in White County Superior Court.

1. The defendant in that cause #, aforementioned; believes that proper consideration for his complaint will not be addressed unbiasedly and sufficiently, at this time, in the Superior Court and prays this court for relief in the interim.
2. The defendant in that case, (referred to as plaintiff or *petioner* in this circuit court) will provide any supporting evidentiary documentation deemed invaluable to this court to adequately address this issue.
3. This court may require the sworn statements of certain participants involved that may have direct knowledge or experiences that verify and/or corroborate the allegations of this petitioner, by providing first-hand testimony, per this complaint for relief. I am asking for patience, in the interrogation of these witnesses. I can only assume that they will give credible testimony, under oath that satisfies the issue presented without protest or deception.
4. This defendant is currently on bond related to his arrest for the alleged offence indicated in the Superior court case aforementioned.
5. In Burns Ind. Stat. Anno. #9-1104 (1956 Repl.), "A Motion to Dismiss is the proper pleading by the accused to question material defects appearing on the face of an affidavit." This *petitioner* cannot locate any tangible supporting replacement decision in that matter. All other related pleadings are contained or implied in the evidentiary documents to be supplied for consideration.
6. The defendant desires to correct any errors or relieve any barriers to the fair disposal of that case by gaining the confidence and support for this complaint and through any determination of liability deemed appropriate. This motion is deemed by the defendant as timely, proper to jurisdictional requirements, and verifiable by most reasonable persons, thus, deserving of consideration by this court.
7. Although this defendant has been afforded pauper status and qualification for court appointed council in the Superior court case, he is willing to proceed as necessary in this court without that privilege, if deemed unqualified for assistance. This plaintiff (*petitioner*) also requests consideration of a waiver of the filing fee requirements in this action to alleviate any financial burden to him and beseeches this court to grant the use of any oral request in the acceptance of any future motions related to this issue.
8. The court should note that any restrictions of liberties imposed in the Superior Court as a result of the allegations against him, present a burden upon him that cannot be resolved without a

Sunday, January 09, 2022   1 | P a g e

*Laura A. Cosgray*
CLERK WHITE CIRCUIT COURT

FILED
AUG 05 2022

EXHIBIT B

timely relief of the allegations, expressed or implied, herein or in any documents forthcoming and/or considered as evidentiary in subsequent proceedings in this court.

9. Quality assurance solutions are a part of the improvement of the existing system and require an auditing system of maintenance. This will be expanded upon in the evidentiary presentations. This case will focus on the flaws in the prosecution improper handling of critical court documentation. Although any system may seem better than none; adopting a system that addresses continuous improvement is always the superior one. That allows an audit scheduling for any problem resolution or discovery of new ones. This can be visualized as transparency enhancement; worry- proofing, by default. No argument can defeat that level of performance. Total worry- proof may be hard to obtain, completely. Only a marked improvement is ever possible. That's because there is a point where you can't make a stick sharper.

10. . Increasing the frequency of audits becomes a solution, eventually. It's kind of like you can never actually achieve 100 percent. Oh, I know, the resistor's argument evolves to, "What's the use?" Since that's true, then no system can ever be perfect. Thus, do nothing?

11. An increase in the frequency of audits ensures an adequate remedy in the long term and confusion for opposition arguments, thereafter. Displacement of a flaw can be achieved by increasing the frequency of actions. Thus, the sharpest stick can be achieved. It may have some minor vestiges of imperfection, but its advance to purity continues.

12. Instructional protocols should be preserved as written and printed and controlled documents. A manual form, probably. The documents should be made available to any selected team members with the authority to handle them and kept in a universally accepted location of ease of convenient viewing.

13. I anticipate that there should be no objection to allowing the control of the primary installation of a QMS system to be accomplished through the participation of the plaintiff's advisory capacity. All credentials are available for review. The goal would be to ensure the proper progression of the installation and monitoring.

14. Some thrive on the lack of transparency and crave failures because they either represent the discovery of a breach or they will create one that can be exploited as a loophole. Transparency works both ways, as a window, as much to the inside, but the outside as well. That's why a quality system is feared by some and praised by an equal or more amount of the rest. It tends to minimize the possibility of breakdowns in an otherwise secure system. Breakdowns are failures due to misinterpretation of data not just mistakes in execution of a protocol. Experience takes time and the nuances of any new system get some measure of resistance or friction at startup. That may be the most important aspect of transparency; that it requires our patience for proper interpretation of the data.

15. Trending statistics are usually important tools in solutions management. This can be applied to any sized problem; not restricted to only the most egregious incidents of failure or near so. So; the only impatient objection would, most likely, come from the element of resistance. Only time will tell. When a final remedy is formulated you can be reasonably confident in its ability to address the original complaint fairly and thoroughly.



FILED

AUG 05 2022

Laura A Cosgray
CLERK WHITE CIRCUIT COURT

## Concerns about Witnesses from Superior Court or Others

- I am still debating the benefits of utilizing the testimonies of possibly hostile witnesses.
- One proposed witness is a police officer. Thus, I cannot foresee, at this point in time, any merit to any protest against providing truthful testimony in this complaint.
- The allegations are a reflection of improper procedures alleged by this plaintiff against the process and its flaws in that case from the prosecutor's office, and in need of correction.
- The plaintiff (or, *petitioner*) only wishes to correct the inadequacy that exists under an adopted system that is currently inadequate and inferior in the twenty-first century.
- The *petitioner* also alleges that these errors should be examined and an adequate remedy bestowed, considering the problems were allowed to occur, and that if left unchecked will continue to cause harm.
- This *petitioner* may imply that the action could have been a purposeful intent to promote a plausible deniability that could not be checked for accuracy by ignoring the obvious loophole(s) created by neglect of it. This is similar to a convenient excuse.
- It should seem reasonable to assume; someone should have known, even if that someone may claim ignorance, which the evidence will refute. Eagerness to escape the prospect of liability may inspire the raising of irrelevant issues in witness testimony (diversion, projection, etc.).
- The *petitioner* will propose suggested remedies that he feels apply to this case and issues, concerned, collectively. This information is also discussed in the evidentiary documents mentioned. The adoption of QMS is not of an overwhelming scope or magnitude if implemented properly.
- QMS (Quality Management System) should be considered as a mandatory element of any sanction consideration. The prospect of implementation may seem somewhat unachievable, at first. Rest assured that most systems such as this produce immediate returns and benefits that far outweigh that temporary sacrifice of commitment.
- There may be good reason to believe that this may cause some consideration in other cases preceding mine that may require attention in the future. These cases may precede mine by as much as 10 years. That fact alone describes the necessity of critical review of all details contained in my observations, as presented for the court for relief.
- Without the benefit of truthful responses from a witness they should be considered as hostile, and deserving of any doubt given their testimonies. The predominant concern is that testimonies in this Circuit Court might unduly affect the fair resolution of his case simultaneously occurring in Superior Court or bolster its contentions.
- The greatest fear is that information obtained through these testimonies may, prematurely, reveal defense strategies in the other case unless addressed as a verifiable concern of this petitioner and remedies formulated to prevent that occurrences if possible.

**FILED**

AUG 05 2022

*Laura A. Cosgray*
CLERK WHITE CIRCUIT COURT

1 | Page

## Expansion of Bullet Points (updated 1-16-2022 to 1-30-20222)

- The plaintiff (or, *petitioner*) requests this court to concentrate on the persuasiveness of the argumentation revealed in order to formulate any remedies
- This *petitioner* alleges that an effort to perpetuate the notion that the constitution is an infallible document that cannot evolve with the current whims of a changing society is flawed.
- The *petitioner* continues to recognize that barriers have been erected to nullify or impede the efforts to change the alleged status quo, and pleads this court to accept that these obstacles are neither binding, nor unsurpassable in any decision of this court.
- An affirmation is necessary, in the interest of the public, to pursue this goal and prove that no entity can prey upon an uninformed public by erecting barriers to resolution or denying the existence of them.
- It seems inevitable that any action of this court will create a squirmish response from any opposition and that inducement of a feeling of insecurity in your decisions may occur.
- In the opinion of the petitioner those conditions should not be a determining factor in the final evaluation of the evidence presented.
- The *petitioner* believes that an adequate amount of evidence is available to persuade this court. He believes that the evidence, when viewed collectively, meets the requirements for meeting the burden of proof; that being, a preponderance of the evidence.
- This *petitioner* acknowledges that some speculative assumptions may be involved in any final decisions, however, they are limited in occurrence in the opinion of this petitioner, and do not inhibit, nor should they deter from a resolution that adheres to the presumption that any remedy prescribed is not in any excess.
- Also recognized, is that there may be attempts to minimize the importance and relevance of my current experience or the correction of the existing system and its negative effects.
- Claims of reduced responsibility or liability are presumed to be fabrications, from this petitioner's viewpoint; created to deter any rectification of this problem. Opposing efforts, should be assumed to be intended to advance an illusion of immunity from oversight and/or correction at any level. The inclusion of corrective action, by sanction(s), is deemed necessary to resolve and discourage this behavior in the future, as a consequence.
- Tendencies of a speculative concern toward any revelations advanced by the petitioner are predictable and should not impact the overwhelming presentation of evidence in any negative way.

Monday, January 10, 2022



AUG 05 2022


CLERK WHITE CIRCUIT COURT

1 | Page

1. In relation to this case, the defendant in the cause # **91D01-2109-F-6-00198 in the Superior Court of White County Indiana** insists on the following actions:
2. That all charges pending or now prosecuted in this case is dismissed with prejudice.
3. That any request for dismissal statement is approved by the defense and/or crafted by him to assure effectiveness and eventual convincing of the judge.
4. Recommendations follow:
5. Any statement should include but not be limited to the inclusion of a summary of reasoning that reflects the inadequate nature of the current document control system that affected this action.
6. That because of the resulting nature of the system, harm did occur to the defendant.
7. This harm is characterized by the minimization of the presumption of innocence of the defendant caused by the misinformation relayed in the discovery documents and the failure to properly catalogue them by modern means.
8. The prosecution should adopt an ISO 9000 styled system of quality compliance measures in all future prosecution actions. These methods are outlined in the evidentiary presentation of the defense.
9. An acknowledgement of the need to dismiss as a remedy for this flaw. Also, an acknowledgement of the authority of any other court in consideration of this case.



FILED

AUG 05 2022

*Lamar A. Cosgray*
CLERK WHITE CIRCUIT COURT

## Addendum to Petition for relief

I have printed a collection of documents to support my request for relief that I believe are relevant to this petition in the hopes that they may provide convincing evidence for my claims. I would also request your patience as I realize some documents may seem lengthy, yet unintentionally burdensome in reading or understanding. I intend to be thorough and precise in this presentation. If any additional clarification is needed I will try to be precise in answering any questions regarding the content contained herein. Thank you for your consideration.

Signed _[signature]_ Date 8-4-2022

Francis Edward Fisher (Petitioner)

FILED

AUG 05 2022

_[signature]_ Laura A. Cosgray
CLERK WHITE CIRCUIT COURT

## Certificate of Service ( Presented for Filing: ~~3 March,~~ 2022)

4 AUGUST

I hereby certify that a copy of this motion has been served upon this court in triplicate as per any requirements; as were known to me at the time.

Signed: Plaintiff (*petitioner*) _____ F. Edward Fisher _____ 8-4-2022

Date: 30 January 2022 (updated and signed)

        F. Edward Fisher

        P. O. Box 845

        Chalmers, IN 47929



FILED

AUG 05 2022

Laura A. Cosgray
CLERK WHITE CIRCUIT COURT

1 | Page

## Summary of Claim (Complaint)

In this lawsuit, the plaintiff contends that the defendants did willfully harm the plaintiff by inserting fraudulent, defaming, and derogatory misinformation into his criminal history profile to pad an otherwise unpersuasive text to persuade that an enhancement of penalty was justified in his Superior Court case. The plaintiff believes it was an intentional effort by both defendants named in this suit, thus making them liable for monetary damages to the plaintiff ( Francis Edward Fisher).

The plaintiff that, despite the seeming inadequacy of compensation, that both defendants should share an equal responsibility in this attempt to deceive. This plaintiff is requesting this court to impose punitive damages in the amount of $10,000.00 USD, that should be shared equally between these defendants, as well as consideration for the imposition of any appropriate mandatory sanctions deemed necessary to rectify this miscarriage of justice, including an effective quality assurance system that can be immediately instituted.  The plaintiff would recommend that an order to resubmit any evidence be ordered, or an outright dismissal of any outstanding charges related to his case and any other active or pending case in the Superior Court.

 The plaintiff feels that lasting damage has been inflicted upon him by the deeds perpetrated by the defendants as per the evidence to be shown or implied or outlined in the Petition for Relief. The petitioner further believes that the need for sanctions is justified by the urgency and seriousness of this matter. Any imposition of a quality assurance program is believed to be superior to the non-existence of any currently active. It should (will) discourage the actions of anyone to abuse the system and provide for proper tracking and preservation of crucial documentation, reducing or eliminating the possibility of a corrupt influence. It will also provide for proper verification of chain of custody of any evidence with the prospect of continuous improvement which is now lacking in the White County Prosecutor Office, while protecting against liability for failure or incompetence.

_Francis Edward Fisher_

FILED
AUG 05 2022
_Laura A. Cosgray_
CLERK WHITE CIRCUIT COURT

8/5/2022 8:20:08 AM1