## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FRANCIS EDWARD FISHER, )<br>      Plaintiff, )<br>)<br>    v. )<br>)<br>DAVID ROSSI and JOHN GUY, )<br>      Defendants. ) | CAUSE NO.: 4:22-CV-61-JVB-JEM |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Rossi's Motion to Dismiss [DE 12] filed on October 10, 2022. Plaintiff Francis Edward Fisher, *pro se*, filed a response (titled "Addendum to Reply to Order Dated 9/29/2022") on October 24, 2022. Defendant David Rossi filed a reply on October 31, 2022.

This matter is also before the Court on the issue of service on Defendant John Guy.

## **PROCEDURAL BACKGROUND**

Fisher initiated this cause of action on August 5, 2022, by filing a complaint in the White County, Indiana, Circuit Court. On September 2, 2022, Rossi filed a notice of removal. On September 14, 2022, Fisher filed a "Summary of Claim per F.R.C.[P.] 8" on September 14, 2022.

Defendant John Guy has not yet appeared. On October 27, 2022, Magistrate Judge John E. Martin ordered Fisher to provide proposed summons for Guy to the Clerk's Office, serve that summons and the Complaint on John Guy in accordance with the Federal Rules of Civil Procedure, and file proof of service with the clerk's office on or before November 28, 2022, or face dismissal of his case. Though proposed summons were provided to the clerk's office, proof of service has not been filed regarding Guy.

A criminal case is pending against Fisher in White County, Indiana, Superior Court (Cause Number 91D01-2109-F6-000198). The Court takes judicial notice of the public docket in this case, which is currently scheduled for jury trial beginning February 14, 2023.

In the instant motion to dismiss, Rossi argues that Fisher's complaint violates Federal Rule of Civil Procedure 8, that any Fourth Amendment claim should be dismissed because lack of probable cause has not been alleged, that any malicious prosecution claim should be dismissed because Fisher's criminal case is pending at has not been terminated in his favor, and that Rossi is immune to state law claims under the Indiana Tort Claims Act.

## SERVICE ON DEFENDANT JOHN GUY

Federal Rule of Civil Procedure 4 provides, in part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The 90 days have elapsed.

Through Judge Martin's order, Fisher was given notice that he faced dismissal of Guy if Fisher failed to achieve service on him by November 28, 2022. Fisher has not filed proof of service by the deadline. Accordingly, the Court dismisses Defendant John Guy without prejudice pursuant to Rule 4(m).

## MOTION TO DISMISS

### A. Short and Plain Statement of Claim

Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the party defending against the claim has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint is properly dismissed if it is unintelligible such that neither the defendant nor the Court can determine "the essence of the claims." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013).

Though most of the complaint does not clearly state any specific alleged wrongdoing, on the eighth page of his complaint, Fisher writes: "In this lawsuit, the plaintiff contends that the defendants did willfully harm the plaintiff by inserting fraudulent, defaming, and derogatory misinformation into his criminal history profile to pad an otherwise unpersuasive text to persuade that an enhancement of penalty was justified in his Superior Court case." (Compl. at 8, ECF No. 4). This is consistent with Fisher's statement in his response that "[t]he purpose of this claim is simply to demonstrate that the defendants did harm the plaintiff by disseminating false information without fact-checking or any presence of a quality assurance program to document the proper handling of those documents claimed to be evidence against the plaintiff." (Resp. at 1, ECF No. 16).

The Court ascertains that the essence of the claims here are the tort of defamation and deprivation of liberty and the right to be free from unreasonable seizure in violation of 42 U.S.C. § 1983.

It also appears that, despite protestations in the instant motion to dismiss that no claim is discernible, Rossi agrees that Fisher's complaint includes "a Fourth Amendment claim arising out of criminal charges pending against him in White Superior Court," as Rossi based his removal of this suit from state court to federal court on the basis of that federal question. *See* (Notice of Removal ¶ 3, ECF No. 1). If Rossi truly could not decipher a claim out of Fisher's complaint, then he should not have alleged that Fisher raises a federal question in his pleading and signed it with

3

all of the representations to the Court contained in that signature as described in Federal Rule of Civil Procedure 11(b).

No other short and plain statements of any other claim are made, so to the extent Fisher has intended to bring any other claim, those claims are dismissed for violating Federal Rule of Civil Procedure 8(a).

### B. Sufficiency of the Pleading

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Twombly*, 550 U.S. at 555). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants

of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

In Indiana, a defamation claim consists of "a communication with defamatory imputation, malice, publication, and damages." *Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 136 (Ind. 2006). Fisher's allegation of "fraudulent, defaming, and derogatory misinformation" is a conclusory legal statement, so the Court cannot accept it as adequate. Fisher has not provided any other description of the alleged misinformation at issue. Accordingly, Fisher has failed to state a claim of defamation for which relief can be granted.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). The Due Process Clause of the Fourteenth Amendment prevents the state from infringing on an individual's right to liberty. The Fourth Amendment protects against unreasonable seizure. Here, though, once again, the allegation of wrongdoing is a conclusory statement that "fraudulent, defaming, and derogatory misinformation" was used to "pad an otherwise unpersuasive text" in order to justify an enhanced penalty. (Compl. at 8, ECF No. 4). Additionally, it is not clear that enhancement of any penalty was actually achieved, meaning that there is no allegation that, as a result of the alleged misinformation, Fisher was deprived of the right to liberty or that Fisher was unreasonably seized. Accordingly, Fisher has failed to state a claim under § 1983 for which relief can be granted.

Thus, Fisher's complaint must be dismissed as to all claims against Rossi.[1]

---

[1] The Court does not find that Fisher has made a short and plain statement of a malicious prosecution claim, but even if Fisher had met his Rule 8 burden regarding such a claim, he has not alleged that the original action was terminated

### C. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) dictates that the Court should freely give leave to amend a complaint when justice so requires. The Court finds that, in light of Fisher's status as a *pro se* litigant and the fact that no other amended complaint has yet been filed, he should be given leave to file an amended complaint. However, in accordance with Northern District of Indiana Local Rule 7-6, the Court will require Fisher to file any amended complaint on the Pro Se Civil Complaint Form, which the Clerk of Court will send to Fisher.

### CONCLUSION

Based on the above, the Court hereby **DISMISSES without prejudice for lack of service** the Complaint as to Defendant John Guy.

Additionally, the Court **GRANTS** Defendant Rossi's Motion to Dismiss [DE 12] and **DISMISSES without prejudice** the Complaint as to Defendant David Rossi.

The Court **GRANTS LEAVE** to Plaintiff Francis to file an amended complaint on a court-supplied form. The Court **DIRECTS** the Clerk of Court to send a copy of the Pro Se Civil Complaint Form (INND Rev. 1/21), with this case's cause number filled in, to Fisher at his address as listed on the docket.

The Court **NOTIFIES** Fisher that the Court will dismiss this cause of action if he does not file an amended complaint on or before January 10, 2023.

SO ORDERED on December 5, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

in his favor, which itself is an allegation that the docket of the state court criminal case would contradict. *See Ingram v. Diamond Equip., Inc.*, 118 N.E.3d 1, 7 (Ind. Ct. App. 2018) (listing 'the original action was terminated in the plaintiff's favor" as an element of a claim for malicious prosecution under Indiana law). Thus, even if a malicious prosecution claim passed Rule 8's requirements, it would be dismissed under Rule 12(b)(6).