UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FRANCIS EDWARD FISHER,<br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID ROSSI and JOHN GUY,<br>　　　　Defendants. | )<br>)<br>)<br>)　CAUSE NO.: 4:22-CV-61-JVB-JEM<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on the issue of jurisdiction. Because the Court finds that a federal question is presented but the *Younger* abstention doctrine applies, the Court stays this cause of action.

**PROCEDURAL BACKGROUND**

Fisher filed suit in White County, Indiana, Circuit Court on August 5, 2022. Defendant David Rossi filed a notice of removal, and the case was assigned to the undersigned upon its arrival in federal court. Defendant John Guy has not yet appeared, and no summons has been returned executed as to him.

On February 6, 2023, with the Court's leave, Fisher filed his Amended Complaint. He also moved for leave to proceed in forma pauperis on the same date, presumably because Defendant Guy has not yet been served and Fisher wishes to have the United States Marshals Service effect service of process on Guy. *See Alber v. Illinois Dep't of Mental Health & Developmental Disabilities*, 786 F. Supp. 1340, 1375-7 (N.D. Ill. 1992) (discussing service of process requirements and in forma pauperis status for cases filed in state court and removed to federal court before all defendants are served).

**FACTUAL BACKGROUND**

The Court takes judicial notice of the docket in White County, Indiana, Superior Court case number 91D01-2109-F6-000198. In that case, an Information was filed on September 16, 2021. Fisher is charged with operating a vehicle while intoxicated and endangering a person in violation of Indiana Code § 9-30-5-2(a) and (b) and with operating a vehicle with an alcohol concentration equivalent of .15 or more in violation of Indiana Code § 9-30-5-1(b). By operation of Indiana Code § 9-30-5-3, both counts are charged as Level 6 felonies based on an alleged previous conviction of operating while intoxicated that occurred within the seven years before the present conduct charged. The case is scheduled for a jury trial to begin in July 2023.

**ANALYSIS**

Before proceeding with this case further, the Court must be assured of its authority to hear this case. A state court civil action "of which the district courts of the United States have original jurisdiction[ ] may be removed by . . . the defendants[ ] to the district court of the United States." 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is to be narrowly construed, with all doubts resolved against permitting removal. *Ctr. for Wildlife Ethics, Inc. v. Clark*, 325 F. Supp. 3d 911, 914 (N.D. Ind. 2018). The Court "look[s] to the facts that existed at the time of removal" when determining whether the Court has subject matter jurisdiction over the removed case. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Because Rossi removed this matter from state court to federal court, he bears the burden of showing that federal jurisdiction exists over this litigation. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013). He contends that there is federal question jurisdiction under 28 U.S.C. § 1331.

A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

2

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Rossi contends that Fisher's *pro se* complaint presents a federal question about Fisher's Fourth Amendment rights because he challenges the deprivation of his liberty as a result of the criminal charges. Fisher alleges that Rossi and Guy "did willfully harm the plaintiff by inserting fraudulent, defaming, and derogatory misinformation into his criminal history profile to pad an otherwise unpersuasive text to persuade that an enhancement of penalty was justified in his Superior Court case." (Compl. at 8, ECF No. 4). In context, Fisher is alleging that Rossi and Guy falsified information to raise his charges from misdemeanor offenses to felony offenses by application of the provision that applies when the charged individual has a prior offense within the previous seven years. For relief, Fisher requests the implementation of a quality assurance program, an order for the resubmission of evidence in his criminal case (or, alternatively, dismissal of the criminal charges), and damages of $10,000. (Compl. at 8, ECF No. 4).

The Court finds that, at the time of removal, there was a sufficiently substantial federal claim for deprivation of the right to be free from arrest where false statements convinced the judicial officer that there was probable cause to believe that the accused committed the alleged offenses. *See Betker v. Gomez*, 692 F.3d 854, 864 (7th Cir. 2012). This Court has subject matter jurisdiction to hear the claim based on this federal question.

However, under the *Younger* abstention doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013); *see also Berrada Properties Mgmt. Inc. v. Romanski*, 608 F. Supp. 3d 746, 751 (E.D. Wis. 2022) ("*Younger* abstention applies when federal intervention would improperly disrupt ongoing state court proceedings, accomplishing the kind of interference that *Younger* sought to prevent, even if the specifics are distinguishable."). Fisher's

challenge to the appropriateness of the charges laid against him in the pending state criminal case and his requested relief of dismissal of the charges would do just that.

Thus, the only federal question before the Court at the time of this case's removal is one that it should have declined to entertain. Where only injunctive relief is requested, dismissal or remand to state court are appropriate remedies when the *Younger* abstention doctrine is implicated. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). Where, as is the case here, monetary damages are requested (a form of relief unavailable in the state court criminal proceeding), the federal court should stay the action until after the conclusion of the state court proceeding to avoid a claim becoming time-barred in the interim. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

The Court should have stayed this matter upon its removal to federal court, and it will do so now. The Court's December 5, 2022 Opinion and Order and January 18, 2023 Order were improvidently issued and will be vacated. *Cf. Pederson v. Breir*, 327 F. Supp. 1382, 1385 (E.D. Wis. 1971) (determining that *Younger* controls and vacating previously issued temporary restraining orders). As leave to file the Amended Complaint was improvidently given, the Court will strike the Amended Complaint. When the stay is lifted, the original complaint will be Fisher's operative pleading. The pending motion to dismiss the amended complaint is denied as moot. The Court will deny without prejudice the motion for leave to proceed *in forma pauperis* with leave to refile the motion after the stay is lifted.

## CONCLUSION

Therefore, the Court hereby **STAYS** this cause of action. The Court **VACATES as improvidently issued** its December 5, 2022 Opinion and Order [DE 21] and January 18, 2023

Order [DE 24]. The Court **STRIKES** the Amended Complaint [DE 25] because the leave to file it was improvidently granted.

The Motion for Leave to Proceed *In Forma Pauperis* [DE 26] is **DENIED without prejudice** with leave to refile after the stay is lifted. Defendant Rossi's Motion to Dismiss Plaintiff's Amended Complaint [DE 27] is **DENIED as moot**.

The Court **ORDERS** the parties to file a joint status report within 30 days of the conclusion of White County Superior Court case number 91D01-2109-F6-000198 or by **October 31, 2023**, whichever is soonest.

SO ORDERED on April 27, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
