UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FRANCIS EDWARD FISHER,<br>    Plaintiff,<br><br>    v.<br><br>DAVID ROSSI and ROBERT GUY,<br>    Defendants. | )<br>)<br>)<br>)  CAUSE NO.: 4:22-CV-61-JVB-JEM<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant Rossi's Motion to Dismiss Plaintiff's Amended Complaint [DE 39] filed on February 2, 2024. Plaintiff Fisher, *pro se*, did not file a response. Defendant Rossi argues that Fisher's Amended Complaint should be dismissed because it is barred by *Heck v. Humphrey* and because it fails to meet the pleading standard of Federal Rule of Civil Procedure 8.

### PROCEDURAL BACKGROUND

Fisher initiated this cause of action on August 8, 2022, by filing a complaint in White County Circuit Court. Rossi removed to federal court on September 2, 2022. The Court stayed the case pursuant to the *Younger* abstention doctrine on April 27, 2023, due to an ongoing state court proceeding. After notification that the underlying state court action had resolved, the Court lifted the stay on January 5, 2024. With the Court's leave, Fisher filed an amended complaint on January 19, 2024. Defendant Robert Guy has not yet appeared, and no summons has been returned executed as to him.

In the underlying state court action (cause number 91D01-2109-F6-000198 in White County Superior Court),[1] Fisher was convicted of Operating While Intoxicated (OWI) in a manner

---

[1] The Court takes judicial notice of the public docket in this underlying state court case.

that endangers a person in violation of Indiana Code §§ 9-30-5-2(a) and (b) with an enhancement due to a previous OWI conviction within the previous seven years, meaning that the charged offense was a Level 6 Felony, *see* Ind. Code § 9-30-5-3(a)(1), and he was sentenced on December 21, 2023.

In his amended complaint, Fisher contends that "a deficiency of quality assurance measures contributed to the outcome of his case." (Am. Compl. at 2, ECF No. 38). He takes issue with "the court" (presumably, the White County Superior Court in his underlying criminal case) ignoring his criticisms of procedures and recommendations for change. He also takes issue with the "felonization of any misdemeanor offense," which appears to be in relation to the enhancement that was applied to his charged offense, making it a felony instead of a misdemeanor.

## ANALYSIS

Rossi presents two arguments for dismissing Fisher's amended complaint: first, Fisher fails to state a claim upon which relief can be granted, and second, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Fisher's claims. The Court agrees on both matters and dismisses Fisher's amended complaint.

### A. Failure to State a Claim

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The standard has three requirements. "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Fisher indicates that Rossi is a "Deputy White County Indiana" whose address is the White County Sheriff's Department. In Fisher's attachment to his amended complaint, which is the only part of the pleading that contains any factual allegations related to Fisher's claims, Fisher fails to allege that Rossi—or even the sheriff's department at large—took any particular action at all, much less that any particular action of Rossi's harmed Fisher. Simply put, Fisher has failed to state a claim against Rossi, so the amended complaint is dismissed as to Rossi. Because Fisher has not asked to amend his complaint again, the dismissal is with prejudice.

## B. *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Fisher does not invoke 42 U.S.C. § 1983 in his complaint, but he has sued state employees regarding his state court proceeding that resulted in a conviction and incarceration, so the Court infers that Fisher's lawsuit is a § 1983 action challenging the deprivation of his right to liberty caused by that incarceration.

As noted above, Fisher asserts that a deficiency of quality assurance measures contributed to the outcome of his case. The public docket of Fisher's underlying case shows that he was convicted by a jury and sentenced. Fisher has not alleged that his conviction has been disturbed in any way or that it does not remain in full force and effect. Accordingly, Fisher cannot recover damages[2] for the alleged lack of the quality assurance measures because, as Fisher alleges, that deficiency is tied to the outcome of his underlying criminal case. Therefore, Fisher's complaint is also barred by *Heck v. Humphrey*. The claims that are not dismissed under Rule 12(b)(6) above are dismissed without prejudice to Fisher's ability to refile if his conviction is set aside as contemplated in *Heck v. Humphrey*.

## CONCLUSION

Therefore, the Court hereby **GRANTS** Defendant Rossi's Motion to Dismiss Plaintiff's Amended Complaint [DE 39]. All claims against Defendant David Rossi are **DISMISSED with prejudice**. All other claims in the Amended Complaint are **DISMISSED without prejudice**.

SO ORDERED on March 7, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

cc: Plaintiff, *pro se*

---

[2] In the amended complaint, Fisher fails to clearly state the relief he is seeking.